UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHIT SHYAM,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2683

Honorable Jane M. Beckering

# ORDER

This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement detained at the North Lake Correctional Facility in Baldwin, Michigan. In an Opinion and Judgment entered on October 16, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering "Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody." (Op., ECF No. 7.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 7, 8.) On October 26, 2026, Respondents filed a status report, indicating that a bond hearing had been held on October 22, 2026, and that Petitioner had been denied bond. (Status

Report, ECF No. 9; Bond Order, ECF No. 9-1.) In a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> The government has shown that [Petitioner] is a flight risk by clear and convincing evidence. [Petitioner's] application for relief was denied on 10/17/25 and he was ordered removed from the United States by another immigration judge. [Petitioner's] case is currently pending appeal before the BIA. [Petitioner] has a low likelihood of obtaining relief at this point in time.

(Immigration Judge Order, ECF No. 9-1, PageID.144.)

Thereafter, on October 29, 2026, Petitioner filed a motion to enforce judgment in this closed action. (ECF No. 10.) In the motion to enforce judgment, Petitioner alleges that DHS did not carry its burden. (*Id.*, PageID.149.) In light of this, Petitioner requests, *inter alia*, that the Court order Petitioner's immediate release or a new bond hearing. (*Id.*, PageID.160.)

In the motion to enforce judgment, Petitioner seeks to challenge the determinations made at the October 22, 2026, bond hearing in the Detroit Immigration Court. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's October 16, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court where the Immigration Judge found that "[t]he government has shown that [Petitioner] is a flight risk by clear and convincing evidence." (Immigration Judge Order, ECF No. 9-1, PageID.144.)

Petitioner's challenge to the determinations made at the § 1226 bond hearing on October 22, 2026, raises new claims that were not raised in Petitioner's original § 2241 petition and that

were not addressed by the Court's October 16, 2026, Opinion and Judgment. Therefore, Petitioner's motion to enforce judgment (ECF No. 10) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: November 3, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge